UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:21-cv-1436

WILLIAM DALTON,

      Plaintiff,

v.

WESTECH MECHANICAL INC. and ERIC NELSON, an individual,

      Defendants.

## COMPLAINT

### INTRODUCTION

1. Plaintiff William Dalton ("Plaintiff") worked as an HVAC service technician for Defendants for approximately three and a half years. There were several problems with the way he was paid. First, Defendants put him on an after hours "on call" rotation schedule that required significant amount of active work, but did not pay him for all the hours he worked. Second, they made improper deductions to his pay for things like work tools. Third, they failed to pay him for all of his compensable drive time, which was not only significant but paid for by the Defendants' customers.

2. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants Westech Mechanical Inc. and Eric Nelson, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Overtime and Minimum Payment

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

Standards Order (the "COMPS" Order). Plaintiff also brings a cause of action as a third party beneficiary of the contracts between the Defendants and their customers related to his drive time.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' company at 1390 W. Quincy ave, Englewood, CO 80110, and all of the parties reside in this district.

## PARTIES

**Defendant Westech Mechanical Inc.**

6. Defendant **Westech Mechanical Inc.** (hereinafter "Westech") is a Colorado corporation doing business within Arapahoe County, and whose principal place of business is located at 1390 W. Quincy ave, Englewood, CO 80110. Its registered agent is listed with the Colorado Department of State as Eric E. Nelson with an address of 7711 W. 5th Ave, Lakewood, CO 80226.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Dalton v. Westech*
USDC, District of Colorado

Complaint
Page 2

7. Westech holds itself out as offering full service mechanical services on commercial HVAC Sheet Metal, Refrigeration, and Piping. As part of its offerings, it offers maintenance contracts and service contracts with "24 hour" service.

8. Westech has contracts with various major interstate commercial enterprises such as grocery stores, AT&T, Verizon, and Charter.

9. At all relevant times, Defendant Westech had annual gross revenues in excess of $500,000.

10. At all relevant times, Defendant Westech was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. At all times material to this action, Defendant Westech was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Eric Nelson**

12. Defendant Eric Nelson, an individual, resides at Littleton, Colorado, upon information and belief.

13. Defendant Nelson has an ownership interest in and/or is a shareholder of Westech.

14. At all times material to this action, Defendant Nelson actively participated in the business of the corporation.

15. At all times material to this action, Defendant Nelson exercised substantial control over the functions of the company's employees including Plaintiff. For example, Defendant had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.

16. At all times material to this action, Defendant Nelson was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Dalton v. Westech*
USDC, District of Colorado

Complaint
Page 3

**Plaintiff William Dalton**

17. Plaintiff William Dalton is a resident of Colorado Springs, Colorado.

18. Plaintiff Dalton worked for Westech as a service technician from December 4, 2017 to April 12, 2021.

19. At all times material to this action, Plaintiff Dalton was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

20. While in this position, his rate of pay was $32 per hour.

21. While working in this capacity, Plaintiff Dalton was expected to record time worked by handwritten daily log. Upon information and belief, Defendants are in possession of all employees' time records, including Plaintiff's.

22. Plaintiff's standard workweek was Monday through Friday, usually starting at 7:00AM and ending when the work was done for the day, which varied but typically was somewhere between 7:00PM and 8:00PM.

23. Defendants did not pay Plaintiff for all of his drive time.

24. Plaintiff performed work for Defendants that often took him many miles away from his home in Colorado Springs. For example, one time he had work to do in Durango, which was about a six hour drive each way. Not all drives were that long, but many were easily more than an hour each way.

25. The nature of these drives was a not that of a "commute" but of work out of town.

26. Defendants billed the customer for the Plaintiff's work from the time he left his house to the time he returned to his house, i.e. including the drive time back.

27. Defendants only paid Plaintiff for the time driving one way but not both.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Dalton v. Westech*
USDC, District of Colorado

Complaint
Page 4

28. Plaintiff estimates that about 15 to 20 hours a week were regularly taken off his logged work time each week related to this practice.

29. In addition, outside of the normal workweek, Plaintiff was "on call" part of the time, for after hours and weekend work.

30. The "on call" arrangement was that for one week he would be the primary individual on call for after hours and weekend work, a second week he would be backup to the primary individual on call, and then for seven weeks he would not be on call outside of his regular work hours.

31. When he had primary on call status, he might be called out as much as 6-7 times a day, working a full day from around 7:00AM to 9:00PM, especially during the busier summer months. When he was backup on call, he would be called less frequently but still some.

32. During his "on call" time, he was only paid for a small portion of the time. More specifically, Defendants only paid him for the time spanning from when he left his house until the time the job was finished (but not drive time home), at a rate of 1.5x his regular hourly rate (2x if it occurred on a holiday).

33. All or nearly all of the hours for which Defendants did not pay him were overtime hours.

34. In addition, the company made improper deductions made to his paychecks related to tools used on the job.

35. In order to perform the duties of an HVAC tech, he had to have many specialized tools, including but not limited to things like a torch set, vacuum pump, tube benders, flare kits, socket sets, hub pullers, scales, gauge set, etc.

36. Mr. Dalton estimates that he spent about $10,000 on these items.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Dalton v. Westech*
USDC, District of Colorado

Complaint
Page 5

37. The arrangement at Westech was supposed to be that he would buy these items and if any broke during use on the job Westech would reimburse or replace them.

38. These were business expenses, that the company should have paid for.

39. The requirement for him to own these items amounts to an unlawful deduction from his wages.

40. Additionally, Mr. Dalton's final paycheck was short. He should have been paid for 2 weeks of work ($2,560), 40 days of paid vacation ($10,240), and 32 hours of sick pay ($1,024). In total, that would be $13,824. Instead of paying this amount owed to him, Mr. Dalton was wrongly charged $1,200 for company health insurance and was only paid $205. Thus, Mr. Dalton is still owed $12,419.

41. Thus, Plaintiff Dalton was not paid at a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

42. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure to Pay Time Overtime Properly*

43. Defendants failed to compensate Plaintiff at a rate of one and one half times his normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Record-Keeping Failures*

44. At all relevant times, Defendants failed to make, keep, and preserve accurate records

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Dalton v. Westech*
USDC, District of Colorado

Complaint
Page 6

regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based on Good Faith & Entitlement to Damages*

45. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

46. At all relevant times, Defendants knew of the FLSA's requirements regarding overtime pay requirements.

47. In paying Plaintiff in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

48. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

49. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### COLORADO WAGE ACT VIOLATIONS

50. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

51. The Defendants were Plaintiff's "employer" as that term is defined by the Wage Order. 7 C.C.R. 1103-1(2).

52. Plaintiff is Defendants' "employee" as that term is defined by the Wage Order because he

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Dalton v. Westech*
USDC, District of Colorado

Complaint
Page 7

performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

### Failure to Pay Weekly Overtime Premiums
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

53. Plaintiff worked more than 40 hours at least some workweeks.

54. Defendants do not pay the Plaintiff overtime premiums for all hours worked over 40 in each workweek.

55. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

56. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

57. Defendants violated the CWA as implemented by the Wage Order, when they failed to pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

58. For any and all time worked by all Plaintiff, or to be credited to all Plaintiff during a workweek, Plaintiff is entitled to pay at his regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

### Failure to Pay Wages When Due
**(Violation of the C.R.S. § 8-6-103)**

59. The Defendants failed to pay Plaintiff all his earned wages when due.

### Failure to Pay All Earned Wages
**(Violation of the C.R.S. § 8-6-109)**

60. Plaintiff has been separated from employment with Defendants.

61. Defendants have failed to pay Plaintiff all his wages and compensation earned during

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Dalton v. Westech*
USDC, District of Colorado

Complaint
Page 8

Plaintiff's employment, as described above.

***Improper Deductions***
**(Violation of the C.R.S. § 8-4-105)**

62. The Defendant made deductions from Plaintiff's wages other than those authorized under C.R.S. § 8-4-105, 7 C.C.R. 1103-1 (9)

***Failure to Respond to Demand for Wages***
**(Violation of the C.R.S. § 8-4-109)**

63. Plaintiff, through counsel, propounded a Colorado wage demand to Defendants, dated May 10, 2021.

64. Defendants did not tender any monies in response to this letter.

65. More than 14 days have elapsed since May 10, 2021.

66. Because of their willful failure to tender wages owed in response to this demand, Defendants are liable for all penalties set forth in C.R.S. §8-4-109.

***Damages***

67. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

### As And For A Third Cause of Action:
#### THIRD PARTY BENEFICIARY

68. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

69. Westech has entered into various contracts with various commercial establishments to

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Dalton v. Westech*
USDC, District of Colorado

Complaint
Page 9

provide heating, cooling, and related services.

70. Westech charges its customers for drive time for service techs' service calls.

71. Westech charges its customers for round trip drive time for service techs' service calls.

72. Defendant's customers pay for the service techs' round trip drive time related to these service calls.

73. Westech did not pay Plaintiff for all of the hours he spent driving related to his service calls.

74. Westech did not pay Plaintiff for all of the hours he spent driving round trip related to his service calls.

75. Plaintiff was a third party beneficiary of the contracts between Westech and its customers.

76. Plaintiff should have been paid for all of the drive time for which Westech's customers paid Westech.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)     Award Plaintiff unpaid and underpaid wages due under the FLSA and the Colorado Wage Laws; and

(B)     Award Plaintiff liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C)     Award Plaintiff statutory damages as provided for by Colorado law; and

(D)     Award Plaintiff third party beneficiary damages; and

(E)     Award Plaintiff interest; and

(F)     Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Dalton v. Westech*
USDC, District of Colorado

Complaint
Page 10

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

(G) Award such other and further relief as this Court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **27th** day of **May, 2021.**

ANDERSONDODSON, P.C.

*s/ Penn Dodson*
**Penn A. Dodson**
penn@andersondodson.com
(212) 961-7639 tel.
11 Broadway, Suite 615
New York, NY 10004
14143 Denver W Pkwy
Suite 100-50
Golden, CO 80401

Attorney for Plaintiff